IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MR. SCOTT JEFFREY MELNICK, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 14-5631 |
| | : | |
| v. | : | |
| | : | |
| COLE HAAN, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                                                                                                                                         October 24, 2014

      This matter is one of 29 cases filed by the plaintiff *pro se*, Mr. Scott Jeffrey Melnick, in which he is attempting to collect hundreds of millions of dollars based on alleged contracts by which he provided advice to various individuals and entities as to how to win the lottery.[1] For the reasons set forth below, the court will order the plaintiff to show cause why the court should not dismiss the amended complaint in this case for lack of subject-matter jurisdiction.

---

[1] The plaintiff has filed 28 other actions in which he essentially alleges that (1) he expressly or impliedly entered into agreements with various individuals and entities through which he would provide them with guidance as to how to win the lottery, or (2) individuals or entities improperly obtained and used his advice as to how to win the lottery. *See* Civ. Action Nos. 5:14-cv-2855 (*Melnick v. The White House, et al.*), 5:14-cv-2856 (*Melnick v. Krotchta, et al.*), 5:14-cv-2857 (*Melnick v. Melnick, et al.*), 5:14-cv-3058 (*Melnick v. Knopf Automotive*), 5:14-cv-3060 (*Melnick v. The Dulski, et al.*), 5:14-cv-3062 (*Melnick v. Voitus*), 5:14-cv-3063 (*Melnick v. PNC Fin. Servs. Grp./Chex Sys., Inc., et al.*), 5:14-cv-3064 (*Melnick v. Hunan Springs*), 5:14-cv-3065 (*Melnick v. The Estate of Mr. James Leuth*), 5:14-cv-3066 (*Melnick v. Baumann's Antiques & Candles*), 5:14-cv-3067 (*Melnick v. The Am. Detective Agency*), 5:14-cv-3068 (*Melnick v. Jaindl*), 5:14-cv-3069 (*Melnick v. Dellinger, et al.*), 5:14-cv-3070 (*Melnick v. Lehigh Pizza*), 5:14-cv-3071 (*Melnick v. Segel*), 5:14-cv-3072 (*Melnick v. Suoboda, et al.*), 5:14-cv-3073 (*Melnick v. Ueichert Commercial Brokerage*), 5:14-cv-3074 (*Melnick v. CNBC Studio*), 5:14-cv-3075 (*Melnick v. Weil Antique Center*), 5:14-cv-3081 (*Melnick v. Alercia, et al.*), 5:14-cv-3083 (*Melnick v. Wells Fargo Bank, et al.*), 5:14-cv-3084 (*Melnick v. Young's Cleaners*), 5:14-cv-3085 (*Melnick v. Sulderits, et al.*), 5:14-cv-3086 *Melnick v. Dellisant, et al.*), 5:14-cv-3087 (*Melnick v. Ciappina, et al.*), 5:14-cv-3206 (*Melnick v. China House Rest.*), 5:14-cv-3207 (*Melnick v. Temple Beth El*), 5:14-cv-3208 (*Melnick v. Scott*). The plaintiff appears to have paid the filing fee for each of the aforementioned actions.

      The court has not relied on the allegations in the above cases or the dispositions in those cases in analyzing the issues discussed in this memorandum opinion. The court references the cases only for contextual purposes.

## I. SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY

The plaintiff commenced this action against the defendant, Cole Haan, by filing a complaint on September 29, 2014.[2]  *See* Doc. No. 1.  In the complaint, the plaintiff alleges that both he and the defendant are citizens of the Commonwealth of Pennsylvania.  Compl. at 1-2.  He also alleges that this court has federal-question jurisdiction under 28 U.S.C. § 1331 because the following federal constitutional, statutory or treaty rights are at issue:  "Embezzlement, Theft of service, [and] Conspiracy."  *Id.* at 2.

Regarding the substantive allegations in the complaint, the plaintiff alleges as follows:

I prospected the store clerk, who seemed to me to have been the manager, on matters of lottery winning experience.  I thought we shared in the intelligence to win both the 10-16-12 megamillions and 10-17-12 Powerball lottery.  Psychic inquiry, I explained how to win!

Did she somehow conspire to have won either of these jackpot lottery?

There was another employee present.

I went to Valley Force Casino Resort to tell about it!

*Id.* at 3.  Based on these allegations, the plaintiff claims his injuries included "Loss of life, Pain and suffering, [and] now I need [to] recognize more conspirators."  *Id.* at 4.  The plaintiff seeks to have the court place "all of the money and its respective interest [in]to [his] account immediately!"  *Id.*  It appears that the plaintiff is seeking $70,977,600 in damages plus 4% interest.  *Id.*

## II. DISCUSSION

Although there appear to be significant issues with the merits of the claims in the complaint insofar as the plaintiff is attempting to collect money resulting from a lottery that the defendant may or, most likely, may not have won, the court will not address those issues at this

---

[2] The plaintiff used a form to file the complaint.

point. Instead, there is a preliminary issue requiring resolution, namely, it does not appear that the court has subject-matter jurisdiction over this action.

In this regard, the party asserting federal jurisdiction "bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). Although the only documents of record so far are the complaint and the amended complaint, the court is obliged to address issues of subject-matter jurisdiction *sua sponte*. *See Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia*, 657 F.2d 29, 36 (3d Cir. 1981) ("A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits."). If the court lacks subject-matter jurisdiction, the court <u>must</u> dismiss the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As indicated above, the plaintiff claims that the court has federal-question jurisdiction under 28 U.S.C. § 1331, and he identifies certain constitutional, statutory or treaty rights that are allegedly at issue. Unfortunately, these allegations are insufficient to support the court's jurisdiction in this case.

The federal-question jurisdiction statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For a claim to arise under the Constitution, laws or treaties of the United States, a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's claim." *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 939 F. Supp. 398, 399 (E.D. Pa. 1996) (citation omitted). "Furthermore, the cause of

action must be created by the federal law or the vindication of a right under state law must turn upon the construction of that federal law." *Id.* (citation omitted).

Despite the plaintiff's general references to embezzlement, theft of service, and conspiracy, these issues are not federal constitutional, statutory or treaty rights, and the plaintiff does not identify any actual federal constitutional, statutory, or treaty rights that are essential elements of his claims. Therefore, the plaintiff has not properly pleaded the basis for this court's subject-matter jurisdiction over this action.

### III.   CONCLUSION

For the reasons set forth above, it appears that the court lacks subject-matter jurisdiction over this action. Nonetheless, the court recognizes that when addressing the issue of subject-matter jurisdiction *sua sponte*, courts should ordinarily give the plaintiff "notice and an opportunity to respond." *Schneller ex rel. Schneller v. Fox Subacute at Clara Burke*, 317 F. App'x 135, 138 (3d Cir. 2008) (citations omitted). Therefore, despite the court's apparent lack of subject-matter jurisdiction over this case, the court will provide the plaintiff with a period of twenty-one (21) days to file a written response in which he shows how the court has subject-matter jurisdiction over this case.

An appropriate order follows.

BY THE COURT:


*/s/ Edward G. Smith*
EDWARD G. SMITH, J.